UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────

ROWE PLASTIC SURGERY OF NEW JERSEY,
L.L.C., ET AL.,

                Plaintiffs,

    - against -

AETNA LIFE INSURANCE COMPANY,

                Defendant.
───────────────────────────────────

23-cv-8140 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

"This case is one of more than 30 nearly identical lawsuits filed in this District and the Eastern District of New York." See Rowe v. Aetna Health & Life Ins. Co., 22-cv-9427, 2025 WL 618556, at *1 (S.D.N.Y. Feb. 25, 2025).[1] In each of these lawsuits, the plaintiffs claim that the defendant, Aetna Health and Life Insurance Company ("Aetna"), breached an agreement to pay for a surgery.

I.

A.

In 2023, one of the plaintiffs' many lawsuits was dismissed with prejudice for failure to state a plausible claim to relief. Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co., 705 F. Supp. 3d 194, 203, 205-06 (S.D.N.Y. 2023) ("Rowe I"). The

───────────────

[1] Unless otherwise noted, this Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

1

Second Circuit Court of Appeals affirmed. Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co., No. 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024) (summary order) ("Rowe III"). After Rowe I was decided, many of the other cases filed by the plaintiffs were dismissed for substantially the same reasons set forth in Rowe I and later affirmed in Rowe III. See, e.g., Rowe Plastic Surgery of N.J., L.L.C. v. AETNA Life Ins. Co., No. 23-cv-8529, 2024 WL 382143 (S.D.N.Y. Feb. 1, 2024) ("Rowe II") (denying the plaintiffs leave to amend and dismissing with prejudice).

B.

This case, which has been referred to Magistrate Judge Ona T. Wang for general pretrial purposes, was stayed pending the appeal of Rowe I. ECF Nos. 22, 29. After the appellate court's decision was issued, on December 9, 2024, the magistrate judge ordered that, should the plaintiffs wish to seek leave to amend, the "[p]laintiffs' motion seeking leave to amend is due December 20, 2024." ECF No. 30 (the "December 9 Order"). The December 9 Order specified that the motion to amend must "explicitly address and distinguish the issues raised in [Rowe II]." Id. After the grant of a brief extension, ECF No. 32, on December 23, 2024, the plaintiffs moved for leave to amend their complaint. ECF No. 33.

2

On April 7, 2025, the magistrate judge issued an Order denying the plaintiffs' motion to amend (the "April 7 Order"). ECF No. 45. The April 7 Order held that the motion failed to explain how the proposed amendments would rectify the specific issues raised in Rowe II. Id., Exh. A, at 4. The April 7 Order also found that the plaintiffs had failed to exercise diligence in seeking leave to amend and that allowing the amendment would unduly prejudice the defendant. Id. at 3-6.

The plaintiffs timely filed objections to the April 7 Order. ECF No. 56.

## II.

### A.

When a party objects to the non-dispositive order of a magistrate judge, the Court may set the order aside only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

With respect to a magistrate judge's report and recommendation on a dispositive motion, the Court "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and must review de novo any part of the magistrate judge's disposition to which a party properly objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." Riaz v. Comm'r of Soc. Sec., No. 20-cv-8418, 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022). "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance." Id. The Court "also reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections." Covet & Mane, LLC v. Invisible Bead Extensions, LLC., 21-cv-7740, 2023 WL 6066168, at *5 (S.D.N.Y. Sept. 18, 2023) (citing 28 U.S.C. § 636(b)(1)(A)).

"[D]istrict courts in this circuit have generally found that [the] denial of a motion to amend is dispositive, whereas granting a motion to amend is non-dispositive." Portelos v. City of New York, No. 12-cv-3141, 2015 WL 5475494, at *1 (E.D.N.Y. Sept. 15, 2015). In this case, the April 7 Order denied the plaintiff's motion to amend. ECF No. 45. Accordingly, this Court construes the April 7 Order as a report and recommendation and reviews those portions of the Order that the plaintiffs properly

4

objected to de novo, and the remainder for clear error. See, e.g., Covet & Mane, 2023 WL 6066168 at *6.

**B.**

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied on grounds such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962).

The Federal Rules of Civil Procedure provide that, after a scheduling order has been entered in a case, that schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A]mendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). "[W]ith respect to the Rule 16(b) standard, good cause depends on the diligence of the moving party." Id. at 243.

**III.**

The plaintiffs object to the April 7 Order on various grounds. The plaintiffs argue initially that, under the Federal Rules of Civil Procedure, the April 7 Order improperly applied Rule 16(b)'s "good cause" standard, instead of Rule 15(a)'s

5

permissive standard for providing leave to amend. This argument is without merit because the December 9 Order clearly set an "expiration date after which all amendments were prohibited." See Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021). The December 9 Order was therefore a scheduling order that limited the time for amendment of the pleadings. See id. The plaintiffs failed to comply with that scheduling order because, as the April 7 Order correctly held, the plaintiffs' motion failed to explain how the proposed amendments would rectify the specific issues raised in Rowe II—a requirement explicitly imposed by the December 9 Order. ECF No. 45, Exh. A, at 4.

In any event, this Court finds no error in the April 7 Order's determinations that the plaintiffs had failed to exercise diligence in seeking leave to amend and that allowing the amendment would unduly prejudice the defendant. ECF No. 45, Exh. A, at 3-6. Under either Rule 15(a) or Rule 16(b), the plaintiffs' undue delay in seeking leave to amend and undue prejudice to the defendant formed a proper basis for denying the plaintiff's motion for leave to amend. See Foman, 371 U.S. at 182; Kassner, 496 F.3d at 243.

6

The plaintiffs' other arguments are wholly without merit. The plaintiffs' objections are therefore **overruled**.[2]

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the April 7 Order is **adopted** as set forth above.

**SO ORDERED.**

Dated:   New York, New York
         June 27, 2025

                                    _____
                                          John G. Koeltl
                                    United States District Judge

---

[2] The April 7 Order incorporated reasoning from the magistrate judge's order denying leave to amend in a different Rowe case. ECF No. 45 at 2. In that case, the plaintiffs had failed to attach a proposed amended complaint to their motion to amend. See ECF No. 45, Exh. A, at 3. In this case, unlike in that other Rowe case, the plaintiffs did attach a proposed amended complaint to their motion to amend. ECF No. 33-1. The Court therefore rejects the portions of the April 7 Order that relied on the plaintiffs' failure to attach a proposed amended complaint in denying the plaintiffs' motion to dismiss. The other reasons for denying the plaintiffs' motion to amend incorporated into the April 7 Order, however, apply with the same force to this case.