```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------

ROWE PLASTIC SURGERY OF NEW JERSEY,
L.L.C., ET AL.,

              Plaintiffs,

     - against -

AETNA LIFE INSURANCE COMPANY,

              Defendant.

23-cv-8140 (JGK)

ORDER

-----------------------------------

**JOHN G. KOELTL, District Judge:**

"This case is one of more than 30 nearly identical lawsuits filed in this District and the Eastern District of New York." See Rowe v. Aetna Health & Life Ins. Co., 22-cv-9427, 2025 WL 618556, at *1 (S.D.N.Y. Feb. 25, 2025) ("Rowe IV").[1] In each of these cases, the plaintiffs claim that the defendant, Aetna Health and Life Insurance Company ("Aetna"), breached an oral agreement to pay for a surgery. In this case, as in the others, the plaintiffs allege that an agreement was formed when the plaintiffs were told, during a phone conversation with an employee of the defendant, that the defendant would pay for 80% of the costs of the surgery based on the UCR method of reimbursement for medical services. Complaint ("Compl.") ¶¶ 18-25, ECF No. 1. The complaint alleges four counts: (1) breach of

---

[1] Unless otherwise noted, this Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

1

contract; (2) unjust enrichment; (3) promissory estoppel; and (4) fraudulent inducement. Id. at ¶¶ 58-82.[2]

The defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of

---

[2] In a separate Order, the Court is overruling the Objections to the Report and Recommendation of Magistrate Judge Wang (ECF No. 45), which denied the plaintiffs' motion to file an amended complaint. Therefore, the plaintiffs' original complaint (ECF No. 1) is the operative complaint.

the allegations contained in a complaint is inapplicable to legal conclusions." Id.

## II.

In 2023, one of the plaintiffs' many lawsuits was dismissed with prejudice for failure to state a plausible claim to relief. Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co., 705 F. Supp. 3d 194, 204-06 (S.D.N.Y. 2023) ("Rowe I"). In that case, as in this case, the plaintiffs' claims centered on an alleged statement that an employee of the defendant purportedly made on a call, namely, that the defendant would reimburse 80% of the cost of a surgery. Id. at 202. "Because no reasonable person would understand the representation about the reimbursement rate to be an offer to pay," the court dismissed with prejudice the plaintiffs' breach of contract claim. Id. at 203, 206. The court also held that the plaintiffs' other claims were meritless and, finding that any amendment would be futile, dismissed with prejudice. Id. at 203-06. The Second Circuit Court of Appeals affirmed. Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co., No. 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024) (summary order) ("Rowe III").

After Rowe I was decided, many of the other cases filed by the plaintiffs were dismissed for substantially the same reasons set forth in Rowe I and later affirmed in Rowe III. See, e.g., Rowe Plastic Surgery of N.J., L.L.C. v. AETNA Life Ins. Co.,

3

No. 23-cv-8529, 2024 WL 382143 (S.D.N.Y. Feb. 1, 2024) ("Rowe II"); Rowe IV, 2025 WL 618556; Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co., No. 22-cv-7900, 2025 WL 1603919 (S.D.N.Y. June 6, 2025) ("Rowe V"); Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co., No. 22-cv-8713, 2025 WL 1603920 (S.D.N.Y. June 6, 2025) ("Rowe VI"); see also, e.g., Rowe Plastic Surgery of N.J., L.L.C. v. United Healthcare, No. 23-cv-4352, 2024 WL 4309230 (E.D.N.Y. Sept. 26, 2024).

### III.

This is "another Rowe case with analogous facts and a nearly identical procedural posture." Rowe VI, 2025 WL 1603920, at *7. In this case, as in the others:

- (1) The plaintiffs' breach of contract claim fails "[b]ecause no reasonable person would understand the representation about the reimbursement rate to be an offer to pay and the [complaint] does not allege any other offer as the basis for its breach of contract claim." Rowe I, 705 F. Supp. 3d at 203.

- (2) Because the plaintiffs "rely solely on allegations of an abstract and attenuated indirect benefit Aetna received," and "make no allegations that Aetna requested their services," the plaintiffs' "allegations similarly fail" to plead sufficiently "the elements of an unjust enrichment claim." Rowe III, 2024 WL 4315128, at *3-4.

- (3) The plaintiffs' "promissory estoppel must be dismissed because no reasonable person would infer that Aetna's employee made an offer or promise to pay a particular amount to the plaintiffs." Rowe II, 2024 WL 382143, at *2. The plaintiffs' promissory estoppel claim "also fails due to a lack of sufficiently detailed allegations about their call with Aetna." Rowe VI, 2025 WL 1603920, at *5.

4

- (4) The plaintiffs' fraudulent inducement claim "is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." United Healthcare, 2024 WL 4309230, at *3. Under that standard, or indeed, under any standard, the plaintiffs fail to plead sufficiently the elements of a fraudulent inducement claim. Id. at *9. Moreover, "a fraud claim may not be used as a means of restating what is, in substance, a claim for breach of contract." Rowe VI, 2025 WL 1603920, at *8. The complaint therefore "fails to state a claim for fraudulent inducement." Id.

In sum, the complaint fails to state a plausible claim for relief and must therefore be dismissed. Because the plaintiffs "have not explained how any of the glaring legal deficiencies with their complaint can be fixed," see Rowe I, 705 F. Supp. 3d at 206, and because any amendment "would be futile," see Rowe VI, 2025 WL 1603920, at *9, the complaint will be dismissed with prejudice.[3][4]

---

[3] The plaintiffs moved to strike the defendant's brief in support of the motion to dismiss (ECF No. 51) because it exceeded the word count in Magistrate Judge Wang's rules. ECF No. 54. It also exceeds the word count permitted in this Court's rules. However, this Court would not exercise its discretion to correct the error. The plaintiffs have not shown any prejudice from the length of the defendant's brief and indeed, spent considerable pages in the plaintiffs' own brief responding to an argument of ERISA preemption that the defendant never made in this case. The plaintiffs' motion to strike is therefore **denied**.

[4] The Court also declines to exercise its discretion to grant the defendant's motion to impose sanctions on the plaintiffs' counsel pursuant to 28 U.S.C. § 1927 for the volume of repetitive and non-meritorious actions brought by the plaintiffs' counsel. While the volume of the litigation is indeed troubling, there is nothing that counsel has done in this particular lawsuit that has multiplied the proceedings in such a way as to warrant this Court's imposition of sanctions.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the complaint is **dismissed with prejudice**.

The Clerk is directed to enter Judgment dismissing this case with prejudice. The Clerk is also directed to close all pending motions, to cancel any pending conferences, and to close this case.

SO ORDERED.
Dated:     New York, New York
           June 27, 2025

                                    _____
                                         John G. Koeltl
                                    United States District Judge